## THE STATE *vs.* JAMES E. FOREMAN.

New Castle County, February Term, 1893.

**Felonious Assault.**—In order to constitute the crime of assault with intent to commit murder, it must be shown that the defendant intended at the time the assault was made to kill his victim, and that had the assult resulted fatally, the defendant would have been guilty of murder.

**Same. Intent.**—Such intent may be proved by such facts as the character of the assault, the weapon used, the danger of producing death and the means used to produce or avoid death.

**Same. Verdict.**—Under an indictment for an assault with intent to commit murder, the defendant may be convicted of the felonious assault, or of simple, assault, as the evidence may warrant.

**Reasonable Doubt.**—Reasonable doubt is one which arises naturally out of the evidence, and not one which has to be sought for and in a manner created. It must be one which spontaneously forces itself upon you and compels your judgment to hesitate.

The prisoner was indicted for assault with intent to commit murder. Facts are stated in the charge.

LORE, C. J., (charging the jury.)

James E. Foreman, the prisoner at the bar, whom you are impaneled to try, is charged in this indictment with having committed sometime in last December, in this city, a felonious assault upon Harriet Foreman, with intent of killing her, the said Harriet Foreman, and then and there committed murder and felony. The offence with which he is charged is called an assault with intent to kill, or, as our statute has it, "an assault with intent to commit murder." It includes an assault which is an intentional attempt, with violence, to do an injury to the person of another ; and it adds to the assault an intent to commit murder.

In order that you may find the prisoner guilty as he stands indicted, the State must of have proved these things to your satisfaction and beyond a reasonable doubt. That the prisoner made an assault upon Harriet Foreman, that he did so with the intention of killing her, the said Harriet Foreman and that Harriet Foreman died from the effects of the injuries so received, the prisoner would have then and there committed the crime of murder.

Upon these points the counsel for the prisoner has asked us to charge, and we so charge. We say to you that the State must have proved to you beyond a reasonable doubt that the prisoner made an assault upon Harriet Foreman, the prosecuting witness, with the intent to murder and kill her, and that this intent must have been proved to your satisfaction beyond a reasonable doubt, just as any other substantive fact in this case must have been proved. But we further say to you, as was said by this Court in the case of the *State vs. Jefferson*, 3 Harring. 571, to which case the learned counsel for the defence has referred, that under this act we are of the opinion that the intent must be proved as well as the assault; but as an intent is a matter that can only be proved by other facts, all such facts must be considered in proof of the intent, as the character of the assault, the weapon used, the danger of producing death, and

the means used to produce or avoid death. This is, in substance, the language used in every case to which the learned counsel for the defence referred. It is the undisputed law of this State; it is your duty to apply its principles to this case.

Do you believe from the testimony that in December last, in this city the prisoner at the bar made an assault upon Harriet Foreman? If so, then what do you find to have been the character of that assault? Was it violent and deadly in its nature? What weapon did he use? You have the testimony of Harriet Foreman and Dr. Thomas A. Hitch and others upon this point. Do you believe from that testimony that a knife or other deadly weapon was used? If so; then we say to you that the deliberate use of a deadly weapon is of itself proof of intent to kill; for every man must be presumed to intend the natural and probable effect or consequence of his own act. Did the prisoner at the bar utter threats against Harriet Foreman? Had he malice for any cause against her, and did he follow and attack her when alone? As we said before, was the attack made by him with a knife or other deadly weapon? How many wounds did he make with the weapon, and were they made near or upon a vital point? It is from such facts as these that our Court have always held that the intent to kill may be inferred. Have these and similar facts been proved in this case; for from these facts, if proved, you may infer the intent to kill. These are questions you must ask and answer to yourself and your consciences before making up your final verdict in this case.

But the counsel for the prisoner has also asked us to charge, that before you can find the prisoner at the bar guilty in manner and form as he stands indicted, that is, guilty of assault with intent to kill, you must also find that had Harriet Foreman died from the effects of the injuries she then received, the prisoner would have been guilty of the crime of murder; and he has asked us to define the crime of murder and to explain to you the distinction between murder and manslaughter. Gentlemen, we say to you that in order to convict any one of the crime of assault with intent to kill,

Charge.

it must appear that had the victim died from the effects of the injuries, the crime would have been, in that event, murder. We will not undertake to define to you the different degrees of murder under our statute, because we do not think it necessary in this case to do so; for whether the crime, if completed by the death of the victim, had been murder in the first or second degree would be immaterial, as either would meet the requirements of the statute and justify a verdict of guilty with intent to commit murder. The crime of murder, which we are asked to define as being the crime attempted to be committed by the prisoner, is the unlawful killing of a reasonable creature in being with malice aforethought either express or implied. If the killing is proved, then it must appear that it was done with malice, either express or implied, before the party charged can be convicted of murder. But such malice may be implied from any unlawful act such as in itself denotes a wicked heart fatally bent on mischief. In other words, the law implies malice from the unlawful act of killing itself; and so lying in wait, previous threats, former enmity and menaces, the deliberate use of a deadly weapon, are all evidence of express malice; and where they exist, together with the killing, the crime of murder is complete. Do these facts exist in this case, and have they been proved to your satisfaction? Has the State shown previous threats; was there former enmity between the parties; was a deadly weapon deliberately used? If so, or if any one of these facts has been satisfactorily shown, malice has been proved and the prisoner should be convicted, provided you are convinced that he is guilty of the assault; for where all these facts exist, or where any one of them exists, and malice is so proved and death is the result, then there is nothing in the case to reduce the crime to manslaughter, which is the unlawful killing of another in the heat of blood and under great provocation; but there must not be time for the passions to subside, nor must there be the deliberate use of a deadly weapon ; for if either of these facts exists, then it is no longer manslaughter, but murder.

We further charge you, gentlemen, as requested by the counsel

for the prisoner, that the prisoner is presumed to be innocent until he is proved to be guilty, and that he must be proven guilty beyond a reasonable doubt; but this doubt must be an actual and substantial doubt which arises out of the evidence produced, and not one which has to be sought for and in a manner created. It must be one which when you come to consider the evidence before you, spontaneously forces itself upon you and compels your judgment to hesitate.

Gentlemen of the jury, the prisoner at the bar is entitled to all the safeguards which the law of our country provides for the accused. He must be presumed innocent until he is proven guilty. He must not be convicted if there is a reasonable doubt in your minds of his guilt or innocence; but he has produced no witnesses in this case, and the witnesses for the State stand before you unimpeached. They must be believed unless their evidence condems itself by its self-contradictions and inconsistencies.

It is your province to decide upon this evidence, according to the law as we have stated it. If you believe that no assault was made upon Harriet Foreman by the prisoner at the bar, then your verdict should be one of acquittal entirely. If you believe that he did commit the assult as alleged, but not with the intent to kill the said Harriet Foreman, and that had she died from the effects of her wounds the crime would not have been murder, then you may acquit him of the intent to kill and convict him of an assault alone. But if you believe that he did make the assault upon the prosecuting witness and that he intended in making such assult to kill her and that had she died, the crime would have been murder, then you should find him guilty in manner and form as he stands indicted.

*Verdict: Guilty as indicted.*

*John R. Nicholson*, Attorney General, for the State.

*Walter H. Hayes*, for the prisoner.